

HARVIS
WRIGHT
& FETT

305 Broadway, 14th Floor
New York, New York 10007
Tel: (212) 323-6880
Fax: (212) 323-6881
www.hwandf.com

Gabriel P. Harvis
gharvis@hwandf.com
Christopher D. Wright
cwright@hwandf.com
Baree N. Fett
bfett@hwandf.com

November 10, 2014

**BY ECF**

Honorable Viktor V. Pohorelsky
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Corbett v. City of New York, et al.*, 14 CV 3074 (CBA) (VVP)

Your Honor:

I represent plaintiff in the above-referenced matter.  I write pursuant to Fed. R. Civ. P. 37(a)(1)(B)(iii)-(iv) to respectfully request an order compelling defendant City of New York to provide certain outstanding items of discovery.  Pursuant to Rule 37(a)(1) and Local Civil Rule 37.3(a), plaintiff certifies that he has conferred extensively with defense counsel in good faith prior to making this application in an effort to obtain the relief requested without Court intervention.

As explained in counsel's letter to the Court dated October 31, 2014 (Docket Entry 7), despite the looming amendment deadline and plaintiff's diligence, the City's discovery responses were served approximately 48 days after plaintiff served his demands on September 10, 2014, without consent.  Defendant's responses, annexed hereto as Exhibit 1, are replete with boilerplate, inapplicable objections asserted in the absence of any responsive information.  Defendant produced only plaintiff's own RAP sheet with its responses and has not otherwise supplemented the 15 pages of basic documents annexed to its initial disclosures.  Moreover, the City has failed for several months to identify the detectives whom Mr. Corbett claims treated him unlawfully inside the precinct.

The undersigned discussed the deficiencies outlined below with defense counsel at length and, as to the items below, the City either stood on its objections or refused to agree to a date certain for production of any material.  Thus, plaintiff respectfully requests that the City's objections to the following interrogatories and document requests be waived for untimeliness or, in the alternative, overruled as inapposite, and that the City be compelled to produce the material by a date certain.

- Interrogatory No. 1 (as to the identity of the detectives who spoke with Mr. Corbett at the precinct);
- Interrogatory No. 3 (prior lawsuits and notices of claim);[1]
- Interrogatory No. 4 (prior civilian complaints; plaintiff seeks to compel responsive information regarding similar allegations or dishonesty within the last ten years only);
- Interrogatory No. 6 (prior discipline; plaintiff seeks to compel responsive information regarding similar allegations or dishonesty within the last ten years only);
- Interrogatory No. 7 (as to felony convictions in the last ten years);
- Document Request No. 3 (officer employment records);
- Document Request No. 5 (as to draft complaint and arrest reports, command log entry, OCA check, roll call, lab report, criminal court file and district attorney file, including "ECAB" intake sheet); and
- Document Request No. 6 (electronic communications).

Plaintiff submits that the material at issue is ordinary discovery in a federal police misconduct action such as this one and is necessary to proceed with the amendment and discovery phases of this litigation.  Accordingly, plaintiff respectfully requests that the Court compel production of the foregoing material by a date certain. Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

Encls.

cc:    ACC Jennifer Schuman, Esq.

---

[1] It appears that the City's primary objection to providing information and documents regarding the involved officers is that they have not yet been formally named as defendants.  However, as the Hon. Roanne L. Mann held under similar circumstances, such objection is meritless.  *See Bobb v. Philipose*, 13-CV-5583 (ARR) (RLM), Slip Op. (Apr. 24, 2014), annexed hereto as Exhibit 2, at p. 2 ("[T]he Court overrules defendant's objection to producing those histories until after the complaint has been amended to name them all as defendants…But for defendant's delay in identifying the officers present at plaintiff's arrest, those officers presumably would have already been added to the complaint.").  Here, as in *Bobb*, the City seeks to unfairly benefit from information it has withheld.