UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
DANIEL CORBETT,

                              Plaintiff,

                   -against-

CITY OF NEW YORK; Police Officer ANTHONY WRIGHT, Shield No. 4255; Sergeant JOHN PARENTE, Shield No. 2431; Sergeant SCOTT MILLER, Shield No. 3606; Police Officer and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

14 CV 3074 (CBA) (VVP)

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Daniel Corbett ("plaintiff" or "Mr. Corbett") is a resident of the State of Florida.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Police Officer Anthony Wright, Shield No. 4255 ("Wright"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Wright is sued in his individual and official capacities.

9. Defendant Sergeant John Parente, Shield No. 2431 ("Parente"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Parente is sued in his individual and official capacities.

10. Defendant Sergeant Scott Miller, Shield No. 3606 ("Miller"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Miller is sued in his individual and official capacities.

11. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14. At approximately 1:00 p.m. on May 1, 2013, plaintiff was lawfully present in the vicinity of Putnam Avenue and Onderdonk Avenue, in Queens, New York.

15. Without reasonable suspicion, defendant officers approached and unlawfully searched Mr. Corbett, finding nothing illegal.

16. The officers falsely arrested Mr. Corbett on charges of possessing a controlled substance.

17. Mr. Corbett was taken to the 104th Precinct.

18. At the Precinct, defendants falsely informed employees of the Queens

County District Attorney's Office that they had observed plaintiff commit the aforementioned crime.

19. At no point did the officers observe plaintiff commit any crime.

20. Mr. Corbett was placed in a cell with the perpetrator of a heinous murder who had recently been captured.

21. For several hours, Mr. Corbett was confined in the cell with the suspected murderer.

22. Mr. Corbett was terrified.

23. Eventually, the suspect confessed to plaintiff the grisly details of his alleged crime.

24. Some time later, a defendant officer asked Mr. Corbett if he wanted to leave the cell. When Mr. Corbett said he was scared and wanted to leave, defendants ordered him to write a statement detailing what the suspect had confessed to him.

25. After spending approximately 4 hours in custody, Mr. Corbett was issued a DAT and unceremoniously released.

26. The charges against Mr. Corbett were dismissed and sealed.

27. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, loss of wages and damage to his reputation.

28. Mr. Corbett was prescribed sleep medication to help him cope with the trauma of the incident and remains disturbed by it.

## FIRST CLAIM
### Unlawful Stop and Search

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

31. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

34. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

37. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

38. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. The individual defendants created false evidence against plaintiff.

41. The individual defendants forwarded false evidence to prosecutors in the Queens County District Attorney's office.

42. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

43. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

**FIFTH CLAIM**
*Monell*
**Failure to Train, Discipline and Supervise**

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. Defendant City, through the NYPD, failed to train, discipline and supervise the defendant officers with deliberate indifference to the rights of Mr. Corbett.

46. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions and potentially dangerous.

47. Upon information and belief, adequate training, discipline and supervision of the defendants could have prevented the injuries Mr. Corbett suffered.

48. The defendant City's failure to train, discipline and supervise the defendants proximately caused each of plaintiff's injuries.

49. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Deliberate Indifference to Safety

50. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51. The individual defendants were aware of a risk to plaintiff's safety and failed to act in deliberate indifference to plaintiff's needs.

52. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's safety.

53. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure To Intervene

54. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

55. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent

such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

56. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

57. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: December 9, 2014
New York, New York

HARVIS WRIGHT & FETT LLP

_____
Gabriel P. Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwf.nyc

*Attorneys for plaintiff*